UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOUCH PEANG,<br><br>　　　　　Defendant. | No. 1:14-cr-00141-NONE-BAM<br><br>ORDER TO SEAL<br><br>(Doc. No. 132) |

　　　　Before the court for decision is defendant's request to file under seal Exhibit A to his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (*See* Doc. 133.)  The court starts with the proposition that "[a]ll information provided to the Court in a specific action is presumptively public." E.D. Cal. Local Civ. R. 141.1(a)(1); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).  With respect to defendant's sealing request, the court must consider the factors set forth in *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990) ("(1) closure serves a compelling interest; (2) there is a substantial possibility that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives that would adequately protect the compelling interest.").

　　　　Exhibit A contains defendant's medical records.  A party has a strong interest in the confidentiality of his or her medical information.  *See Kamakana v. City and Cnty. of Honolulu*,

1

447 F.3d 1172, 1180 (9th Cir. 2006); *see also United States v. Maddawalaabuu Dadi*, No. CR18-0283, 2020 WL 5982007, at *1 (W.D. Wash. Oct. 8, 2020).  The court finds that, in this case, that privacy interest outweighs the public's interest in access.  The court further finds that, without sealing, the compelling interest identified by defendant would be harmed and there are no additional alternatives to sealing Exhibit A that would adequately protect the compelling interests in medical privacy.

Accordingly, defendant's request to seal Exhibit A is GRANTED.  It is further ordered that electronic access to the sealed documents shall be limited to the United States and counsel for the defendant.

IT IS SO ORDERED.

Dated:   **August 26, 2021**

UNITED STATES DISTRICT JUDGE